People v Rosario (2025 NY Slip Op 05651)

People v Rosario

2025 NY Slip Op 05651

Decided on October 14, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 14, 2025

Before: Webber, J.P., Kennedy, Mendez, Rodriguez, Higgitt, JJ.

Ind. No. 854/21|Appeal No. 4956|Case No. 2023-00571|

[*1]The People of the State of New York, Respondent,

v

Javier Rosario, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Frances Weil of counsel), for appellant.

Darcel D. Clark, District Attorney (Katherine A. Triffon of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Joseph A. McCormack, J., at speedy trial motion; Naita A. Semaj, J., at Second Amendment motion; Albert Lorenzo, J., at plea and sentencing), rendered January 6, 2023, convicting defendant, upon his plea of guilty, of attempted criminal possession of a weapon in the second degree, and sentencing him to a term of five years of probation, unanimously affirmed.

Defendant validly waived his right of appeal (see People v Nunez, 220 AD3d 597 [1st Dept 2023], lv denied 41 NY3d 1004 [2024]). The court's colloquy tracked the model colloquy endorsed by the Court of Appeals in People v Thomas (34 NY3d 545, 567 [2019], cert denied 589 US &mdash, 140 S Ct 2634 [2020]). Defendant acknowledged that he signed the waiver after speaking with his attorney, and counsel acknowledged reviewing the waiver with defendant (see People v Colon, 190 AD3d 563 [1st Dept 2021], lv denied 37 NY3d 955 [2021]). The language in the colloquy and the written waiver did not suggest that defendant waived his right to appellate counsel (see Thomas, 34 NY3d at 559-560).

Defendant's valid appeal waiver forecloses review of his speedy trial and Second Amendment claims, and we decline to reach them as a matter of discretion in the interest of justice. As an alternative holding to his Second Amendment challenge, defendant lacked standing by failing to apply for a license and, further, failed to establish that his conviction is unconstitutional (see e.g. People v Khan, 225 AD3d 552 [1st Dept 2024], lv denied 41 NY3d 1019 [2024]; People v Jackson, 225 AD3d 547 [1st Dept 2024], lv denied 41 NY3d 1002 [2024]; People v Johnson, 225 AD3d 453 [1st Dept 2024], lv granted 42 NY3d 939 [2024]).THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: October 14, 2025